JUDGE ELLIOTT
delivered the opinion of the court.
This appeal is from a judgment of the lower court in appellee’s favor in an action brought by appellants against *724 him to recover $177.11, balance of an order drawn by Smoot & McComb on appellant Whitlock, and in favor of appellant Foard.
It appears that appellant Foard was deputy sheriff of Christian County, and as such had various executions in his hands against Smoot & McComb, and was pressing them for money, and in part satisfaction of the amount due Foard, Smoot & McComb drew an order in his favor upon appellant Whit-lock for $377.11. This order was drawn September 4, 1871. Foard soon afterward informed Whitlock that he had an order on him, but the proof is not clear that Whitlock was informed for what sum the order had been drawn. Whitlock refused to accept the order, but said that he had contracted for Smoot & McComb’s wheat, and if it were delivered he would pay its value. Fie afterward did receive the wheat, and became liable to Foard for the full amount of the order, the price of the wheat being greater than that sum. Appellant Whitlock charges that after he received the wheat from Smoot & McComb, and before he had ascertained the amount of the Foard order, the appellee, who was a brother of one of the members of the firm of Smoot & McComb, came to him and stated that as the agent of Smoot & McComb he had a claim against him, and desired its payment.
Whitlock says he told appellee that he had been indebted to his principals, but that he had accepted an order drawn on him by them, in favor of Foard, and that he did not know its amount. He further stated that he would pay the order, and if there were any balance due to Smoot & McComb he would pay the same to him. Whereupon appellee told him that he knew the amount of the Foard order to be only $200, and upon this representation Whitlock paid appellee all that he owed Smoot & McComb, except the $200. Shortly after this Foard presented Whitlock the order and demanded its payment.
The order called for $377.11 instead of $200, and afterward *725 Whitlock had to pay it. In fact he was bound for its amount by his agreement that if the wheat amounted to thát sum he would pay it.
Whitlock then, joining Foard with him in the action, instituted this suit against appellee, and seeks to recover from him the damages which he says he has sustained by reason of the fraudulent misrepresentation of the amount of the Foard order by appellee.
The issues were submitted to a jury, and a verdict was found and judgment rendered for the appellee, and the appellants, who were refused a new trial, have brought the case here by appeal.
The evidence substantially established the facts.stated in the petition as to the true amount of the order and its amount as represented by appellee, and the proof also conduced to establish the allegation that appellant Whitlock, at the time he paid appellee the balance he would have owed Smoot & McComb if the Foard order had only been the amount represented, was really ignorant of the amount of the order drawn on him and in favor of Foard by appellee’s principals.
We are of opinion that the court erred in its instructions to the jury.
The court failed to inform the jury in what legal fraud consists. It is held by Kerr on Fraud and Mistake (p. 57) that ordinarily a party will not be held responsible for a statement detrimental to another, and which turns out to be false, unless a duty was imposed on the party making it to know the truth.
As appellee was the agent of Smoot & McComb it was his duty to ascertain how much was due both to and from them, especially as he was settling up the 'business of the firm; and if appellant Whitlock did not know the amount of the Foard order, and to induce him to part with his money appellee represented to him that it only amounted to $200, and relying on this false representation of the amount of the order and in ignorance thereof himself the appellant parted with his money *726 by paying it to the appellee, it seems to us, both upon principle and authority, that he is entitled to recover the damages which he has sustained by reason of such misrepresentation.
Mr. Justice Story, speaking of the causes of action which accrue to one party by reason of the false representation of another, says: “ Whether the party thus representing a material fact knew it to be false or made the assertion without knowing whether it were true or false is wholly immaterial, for the affirmation of what one does not know or believe to be true is equally in morals and law as unjustifiable as the affirmation of what is known to be positively false; 'and even if the party innocently misrepresents a material fact by mistake it is equally conclusive, for it operates as a surprise and imposition upon the other party.” (1 Story’s Equity Jurisprudence, section 193.)
Appellee should have ascertained the true amount of the order before making a positive statement thereof, if he did do so; and if appellant Whitlock was ignorant of the amount of the order in favor of Foard, and appellee, in order to induce appellant to pay him all but $200 of the money he would have owed Smoot & McComb but for the Foard order, falsely represented to him that the Foard order only amounted to the sum of $200; and if, on the faith of said representation, the Foard order was estimated at $200, and the balance of the money due his principals was paid to appellee by appellant Whitlock, then the appellant-, should recover the damage he has sustained by reason of the false representation by the appellee.
It seems that appellee was trying to get the money from Whitlock in order to spirit it away from the reach of the creditors of his principals, Smoot & McComb (their property having been attached by their creditors), and appellants claim that he spirited away too much.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.